## IN THE DISTRICT COURT OF THE U.S. VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| **Elisha Chitolie,** | Case No. 1:24-CV-00003 |
| *Plaintiff*, | Jury Trial Demanded |
| v. | |
| **Crowley Caribbean Services, LLC, and CNA Financial Corporation,** | |
| *Defendants*. | |

## FIRST AMENDED COMPLAINT

Plaintiff Elisha Chitolie ("Chitolie") hereby sues defendants Crowley Caribbean Services, LLC ("Crowley") and CNA Financial Corporation, alleging as follows:

### Parties

1. Elisha Chitolie is a citizen and resident of St. Croix, U.S. Virgin Islands.

2. Crowley Caribbean Services, LLC is a foreign limited liability company.

3. CNA Financial Corporation is a Delaware corporation, having its principal place of business at 151 N. Franklin Street, Chicago, IL 60606.

### Jurisdiction & Venue

4. This Court has subject matter jurisdiction over this action.

5. Crowley is subject to the specific personal jurisdiction in this Court. It purposefully availed itself of the laws of the U.S. Virgin Islands because it conducted business in and is physically present in the Territory. The exercise of personal jurisdiction over Crowley will not offend due process.

6. CNA is subject to is subject to personal jurisdiction in this Court, as it purposefully availed itself of the laws of the U.S. Virgin Islands by its conducting business and providing insurance

to property in the Territory. *See* 5 V.I.C. § 4903. The exercise of jurisdiction over CNA will not offend due process.

7. Venue is proper in the Division of St. Croix because the causes of action alleged herein occurred on St. Croix. *See* 4 V.I.C. § 78.

## Factual Background

8. Chitolie owns a 2001 Donzi ZF 35' Motoryacht (hereinafter, the "Boat").

9. Crowley ships freight from various ports around the world to, among other destinations, St. Croix, U.S. Virgin Islands.

10. On or about September 21, 2018, Chitolie contracted with to ship the Boat from Port Everglades, FL to St. Croix.

11. Chitolie paid an additional sum to Crowley to insure the value of the Boat.

12. The Boat arrived in St. Croix on or about October 3, 2018.

13. At some point during the loading, shipping, and/or unloading of the Boat, Crowley caused extensive damage to the Boat.

14. Crowley's receiving clerk in St. Croix noted several areas of extensive damage in the Automobile Inspection Report, including:

    a. the top hull was cracked & scratched;

    b. both the light and radar were broken;

    c. trimming was shifted down due to forklift damage; and

    d. deep scratches about the body of the vessel.

15. Further, the damages included substantial cracks in the fiberglass structure of the Boat.

16. As a result of the damages, the Boat has been rendered unseaworthy.

17. Chitolie discovered the damage to the Boat when retrieved it from Crowley on or about October 3, 2018.

18. After discovering the damage, Chitolie commissioned two reports regarding the extent of the damage and the cost of repair.

19. After discovering the damage, Chitolie learned that Crowley is insured by CNA.

20. Chitolie has provided the damage reports and substantial number of before-and-after pictures to CNA.

21. However, despite the clear proof of loss to the Boat, Defendants have refused to accept responsibility or repair the damage to the Boat.

**Count 1 – Breach of the Covenant of Good Faith & Fair Dealing**

22. Chitolie and Crowley entered a contract whereby the latter would ship the Boat to St. Croix in exchange for a sum of money.

23. As an element of that contract, Crowley agreed to insure the Boat against damage caused to the Boat while it was in Crowley's custody.

24. CNA insured the Boat while it was in Crowley's custody.

25. Crowley owed Chitolie an obligation of good faith and fair dealing in the performance and enforcement of their contract.

26. The Boat was substantially damaged while in Crowley's custody.

27. Despite repeated amicable demand, Crowley has refused to repair the damage to the Boat or compensate Chitolie for the damage.

28. Despite repeated overtures to CNA (which acted as the agent for Crowley) to send an adjuster to inspect the Boat to assess the damage, it has refused to do.

29. And despite Chitolie's provision of two independent inspections and assessments of the extent of the damage to the Boat and the cost to repair it, Crowley has refused to make Chitolie whole.

30. When he entered the contract with Crowley, Chitolie expected that Crowley would

make good on any damage it caused, especially since he purchased the additional insurance.

31.  Crowley's refusal to pay is an unreasonable contravention of Chitolie's expectation under the shipping contract.

32.  Crowley's refusal to pay considering CNA's intransience amounts to fraud and deceit, as the insurance that Chitolie paid extra for is essentially worthless.

33.  As a result of its breach, Crowley has caused damage to Chitolie in an amount commensurate with the cost to repair the Boat, for which Chitolie is entitled to compensation.

**Count 2 – Breach of Contract**

34.  Crowley offers insurance to their clients if their items are damaged during shipping.

35.  Defendant CNA provided insurance to Crowley.

36.  Chitolie elected to purchase insurance, which CAN provided.

37.  CNA provides a coverage limit of $50,000 per container.

38.  The Boat was severely damaged during transit while insured.

39.  CNA's failure to pay for the damage is a breach of contract.

40.  As damages CNA is liable to Plaintiff for all damages to the Boat.

41.  Plaintiffs made a timely application for insurance benefits to CAN under the Policy under CNA claim No. M1A09644.

42.  Plaintiff provided satisfactory proof of loss to CNA when he submitted an inspection report indicating damages to the Boat in excess of the $50,000 coverage limit.

43.  CNA has acted in bad faith by refusing to pay the undisputed amount of the insurance claim.

44.  CNA has further acted in bad faith by failing to properly adjust the Plaintiff's insurance claim and by refusing to pay for the transit-related damage to the Boat.

45.  CNA has no reasonable basis either in law or fact for its refusal to make payment

under the Policy.

46. CNA's refusal to pay is willful and an unjustified attempt to leverage its superior bargaining position to encourage the Plaintiff to accept less than what he is owed.

47. CNA's actions and omissions are done with evil motive and with reckless indifference to the Plaintiff's rights.

## Jury Demand

48. Plaintiff demands a jury trial for all issues so triable.

*****

**THEREFORE**, Plaintiff Elisha Chitolie prays that the Court, after trial by jury:

a. Find in his favor on his cause of action;

b. Award him all damages as warranted by law and fact;

c. Award him the costs and fees he incurred, including his reasonable attorney fees; and

d. Provide him such further relief as is equitable.


Date: June 4, 2024                                  Respectfully submitted,


                                                    s/ C. Jacob Gower
                                                    C. Jacob Gower, Esq.
                                                    **GOWER LEGAL LLC**
                                                    1919 Pine Street, New Orleans, LA 70118
                                                    P.O. Box 223973, Christiansted, VI 00822
                                                    337-298-9734 / 340-277-2799
                                                    jacob@gowerlegal.com

                                                    **Attorney to Plaintiff Elisha Chitolie**

First Amended Complaint
*Chitolie v. Crowley, et al.*

## **CERTIFICATE OF SERVICE**

 I hereby certify that, on June 4, 2024, I served a copy of the foregoing on the following counsel of record via the e-filing portal and/or email:

 Carol G. Hurst, Esq.
 Carol G. Hurst, P.C.
 PO Box 10829
 St. Thomas, VI 00802
 cghurst@hurstvilaw.com

              s/ C. Jacob Gower
              C. Jacob Gower, Esq.